UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

United States of America,

    Plaintiff,

v.

Daniel Lee Harvey III,

    Defendant.

_____/

Case No. 20-cr-20482

Hon. Sean F. Cox

# Plea Agreement

The United States of America and the defendant, Daniel Lee Harvey III, have reached a plea agreement under Federal Rule of Criminal Procedure 11. The plea agreement's terms are:

**1.**   **Count of Conviction**

The defendant will plead guilty to Count 3 of the First Superseding Indictment. Count 3 charges the defendant with Coercion and Enticement under 18 U.S.C. § 2422(b).

**2.**   **Statutory Minimum and Maximum Penalties**

The defendant understands that the count to which he is pleading guilty carries the following minimum and maximum statutory penalties:

GOVERNMENT
EXHIBIT
1

| Count 3 | Term of imprisonment: | At least 10 years and up to life |
| --- | --- | --- |
| | Fine: | Up to $250,000 |
| | Term of supervised release: | At least 5 years and up to life |

The defendant understands that Count 3 requires a mandatory minimum sentence of 120 months' imprisonment and that the Court may not impose a sentence on that count below the mandatory minimum.

### 3. Agreement to Dismiss Remaining Charges

If the Court accepts this agreement and imposes sentence consistent with its terms, the United States Attorney's Office for the Eastern District of Michigan will move to dismiss any remaining charges in the First Superseding Indictment against the defendant in this case. Specifically, the United States Attorney's Office will move to dismiss Count 1 of the First Superseding Indictment, which charges the defendant with Sexual Exploitation of Children, in violation of 18 U.S.C. §§ 2251(a) and (e). Conviction on Count 1 would result in a mandatory minimum penalty of 180 months' imprisonment. The

United States Attorney's Office will also move to dismiss Count 2 of the First Superseding Indictment, which charges the defendant with Receipt of Child Pornography, in violation of 18 U.S.C. §§ 2252A(a)(2) and (b)(1). Conviction on Count 2 would result in a mandatory minimum penalty of 60 months' imprisonment.

4. **Elements of Count of Conviction**

The elements of Count 3 are:

1) That the defendant knowingly persuaded, induced, enticed, or coerced an individual under the age of 18 to engage in unlawful sexual activity;

2) That the defendant used a means or facility of interstate commerce to do so; and

3) That the defendant knew the individual was under the age of 18.

5. **Factual Basis**

The parties agree that the following facts are true, accurately describe the defendant's role in the offense, and provide a sufficient factual basis for the defendant's guilty plea:

On or about August 9, 2018, the defendant used Instagram, a photo and video sharing social media service with messaging capabilities, to send a message to MV-1, a female who the defendant

knew was 13-years old. In his message, the defendant directed MV-1 to engage in sexually explicit conduct and provide him with a visual depiction of that conduct. Specifically, the defendant requested that MV-1 record herself inserting an object into her vagina and send him with the video . Based on the defendant's specific request, MV-1 made a video of that conduct and used Snapchat, a multimedia messaging application, to send it to the defendant.

MV-1 was in the Eastern District of Michigan when the defendant communicated with her over Instagram and Snapchat. Both Instagram and Snapchat are Internet applications and facilities of interstate commerce that the defendant used to commit the offense.

### 6. Advice of Rights

The defendant has read the First Superseding Indictment, has discussed the charges and possible defenses with his attorney, and understands the crime charged. The defendant understands that, by pleading guilty, he is waiving many important rights, including the following:

    A.    The right to plead not guilty and to persist in that plea;

    B.    The right to a speedy and public trial by jury;

C. The right to be represented by counsel—and, if necessary, have the court appoint counsel—at trial;

D. The right to be presumed innocent and to require the government to prove the defendant guilty beyond a reasonable doubt at trial;

E. The right to confront and cross-examine adverse witnesses at trial;

F. The right to testify or not to testify at trial, whichever the defendant chooses;

G. If the defendant chooses not to testify at trial, the right to have the jury informed that it may not treat that choice as evidence of guilt;

H. The right to present evidence or not to present evidence at trial, whichever the defendant chooses; and

I. The right to compel the attendance of witnesses at trial.

7. **Collateral Consequences of Conviction**

The defendant understands that his conviction here may carry additional consequences under federal or state law. The defendant understands that, if he is not a United States citizen, his conviction

here may require him to be removed from the United States, denied citizenship, and denied admission to the United States in the future. The defendant further understands that the additional consequences of his conviction here may include, but are not limited to, adverse effects on the defendant's immigration status, naturalized citizenship, right to vote, right to carry a firearm, right to serve on a jury, and ability to hold certain licenses or to be employed in certain fields. The defendant understands that no one, including the defendant's attorney or the Court, can predict to a certainty what the additional consequences of the defendant's conviction might be. The defendant nevertheless affirms that the defendant chooses to plead guilty regardless of any immigration or other consequences from his conviction.

## 8. Defendant's Guideline Range

### A. Court's Determination

The Court will determine the defendant's guideline range at sentencing.

### B. Acceptance of Responsibility

The government recommends under Federal Rule of Criminal Procedure 11(c)(1)(B) that the defendant receive a two-level reduction

for acceptance of responsibility under USSG § 3E1.1(a). Since the defendant's offense level is 16 or greater and the defendant is awarded the two-level reduction under USSG § 3E1.1(a), the government recommends that the defendant receive an additional one-level reduction for acceptance of responsibility under USSG § 3E1.1(b). If, however, the government learns that the defendant has engaged in any conduct inconsistent with acceptance of responsibility—including, but not limited to, making any false statement to, or withholding information from, his probation officer; obstructing justice in any way; denying his guilt on the offense to which he is pleading guilty; committing additional crimes after pleading guilty; or otherwise demonstrating a lack of acceptance of responsibility as defined in USSG § 3E1.1—the government will be released from its obligations under this paragraph, will be free to argue that the defendant not receive *any* reduction for acceptance of responsibility under USSG § 3E1.1, and will be free to argue that the defendant receive an enhancement for obstruction of justice under USSG § 3C1.1.

### C. Other Guideline Recommendations

The parties also recommend under Federal Rule of Criminal Procedure 11(c)(1)(B) that the following guideline provisions apply:

| | | |
|---|---|---|
| 2G2.1(a) | Base offense level (by cross reference pursuant to 2G1.3(c)(1)) | 32 |
| 2G2.1(b)(1)(B) | Over 12 but under 16 | +2 |
| 2G2.1(b)(2)(A) | Sexual act or sexual contact | +2 |
| 2G2.1(b)(6) | Use of interactive computer service | +2 |

### D. Factual Stipulations for Sentencing Purposes

The parties stipulate that the following facts are true and that the Court may, but is not required to, rely on them in calculating the defendant's guideline range and imposing sentence:

- That the offense involves a cross-reference to 2G2.1 and therefore the base offense level for that offense applies;
- That MV-1 was under 16 but above 12 years of age at the time of the offense;
- That the offense involved sexual contact because the defendant had MV-1 insert an object into her vagina; and

- That the defendant used Instagram and Snapchat, interactive computer services, to commit the offense.

### E.  Parties' Obligations

Both the defendant and the government agree not to take any position or make any statement that is inconsistent with any of the guideline recommendations or factual stipulations in paragraphs 8.B, 8.C, or 8.D. Neither party is otherwise restricted in what it may argue or present to the Court as to the defendant's guideline calculation.

### F.  Not a Basis to Withdraw

The defendant understands that he will have no right to withdraw from this agreement or withdraw his guilty plea if he disagrees, in any way, with the guideline range determined by the Court, even if that guideline range does not incorporate the parties' recommendations or factual stipulations in paragraphs 8.B, 8.C, or 8.D. The government likewise has no right to withdraw from this agreement if it disagrees with the guideline range determined by the Court.

## 9. Imposition of Sentence

### A. Court's Obligation

The defendant understands that in determining his sentence, the Court must calculate the applicable guideline range at sentencing and must consider that range, any possible departures under the sentencing guidelines, and the sentencing factors listed in 18 U.S.C. § 3553(a), and apply any applicable mandatory minimums.

### B. Imprisonment

#### 1. Recommendation

Under Federal Rule of Criminal Procedure 11(c)(1)(B), the government recommends that the defendant's sentence of imprisonment not exceed the top of the defendant's guideline range as determined by the Court.

#### 2. No Right to Withdraw

The government's recommendation in paragraph 9.B.1 is not binding on the Court. The defendant understands that he will have no right to withdraw from this agreement or withdraw his guilty plea if the Court decides not to follow the government's recommendation. The government likewise has no right to withdraw from this agreement if

the Court decides not to follow the government's recommendation. If however, the Court rejects or purports to reject any other term or terms of this plea agreement, the government will be permitted to withdraw from the agreement.

### C. Supervised Release

#### 1. Required

The defendant understands that the Court must impose a term of supervised release of at least five years and up to life. There is no agreement as to the length of the term of supervised release.

#### 2. Recommendation Not Applicable

The defendant also understands that the government's recommendation concerning the length of the defendant's sentence of imprisonment, as described above in paragraph 9.B.1, will not apply to or limit any term of imprisonment that results from any later revocation of the defendant's supervised release.

### D. Fines

There is no recommendation or agreement as to a fine.

### E. Restitution

The Court must order restitution to every identifiable victim of the defendant's offense. There is no recommendation or agreement on restitution. The Court will determine at sentencing who the victims are and the amounts of restitution they are owed.

The defendant agrees that restitution is due and payable immediately after the judgment is entered and is subject to immediate enforcement, in full, by the United States. 18 U.S.C. §§ 3612(c) and 3613. If the Court imposes a schedule of payments, the defendant agrees that the schedule of payments is a schedule of the minimum payment due, and that the payment schedule does not prohibit or limit the methods by which the United States may immediately enforce the judgment in full.

The defendant agrees to make a full presentence disclosure of his financial status to the United States Attorney's Office by completing a Financial Disclosure Form and the accompanying releases for the purpose of determining his ability to pay restitution. The defendant agrees to complete and return the Financial Disclosure Form within three weeks of receiving it from government counsel. The defendant

agrees to participate in a presentencing debtor's examination if requested to do so by government counsel.

### F. Special Assessment

The defendant understands that he will be required to pay a special assessment of $100, due immediately upon sentencing. Also, under the Justice for Victims of Trafficking Act of 2015, the defendant will be required pay a special assessment of $5,000, due immediately upon sentencing, unless the Court finds that the defendant is indigent.

## 10. SORNA

Defendant understands that by pleading guilty in this case, he will be required to register as a sex offender, under both federal and state registration requirements. As a condition of his release from prison on supervised release in this case, defendant will be obligated to promptly register under the federal sex offender registry. Defendant may also be required to register under the law of the state in which he resides, as well as any state where he has significant contacts (including any state where he resides, works, attends school or otherwise has significant contacts). Defendant further understands that

he will be required to maintain and update his registration for at least twenty years, and potentially for the rest of his life.

## 11. Appeal Waiver

The defendant waives any right he may have to appeal his conviction on any grounds. If the defendant's sentence of imprisonment does not exceed the top of the guideline range determined by the Court, the defendant also waives any right he may have to appeal his sentence on any grounds.

## 12. Collateral Review Waiver

The defendant retains the right to raise claims alleging ineffective assistance of counsel or prosecutorial misconduct, as long as the defendant properly raises those claims by collateral review under 28 U.S.C. § 2255. The defendant also retains the right to pursue any relief permitted under 18 U.S.C. § 3582(c), as long as the defendant properly files a motion under that section. The defendant, however, waives any other right he may have to challenge his conviction or sentence by collateral review, including, but not limited to, any right he may have to challenge his conviction or sentence on any grounds under 28 U.S.C. § 2255 (except for properly raised ineffective assistance of counsel or

prosecutorial misconduct claims, as described above), 28 U.S.C. § 2241, or Federal Rule of Civil Procedure 59 or 60.

**13. Consequences of Withdrawal of Guilty Plea or Vacation of Judgment**

If the defendant is allowed to withdraw his guilty plea, or if the defendant's conviction or sentence under this agreement is vacated, the government may reinstate any charges against the defendant that were dismissed as part of this agreement and may file additional charges against the defendant relating, directly or indirectly, to any of the conduct underlying the defendant's guilty plea or any relevant conduct. If the government reinstates any charges or files any additional charges as permitted by this paragraph, the defendant waives his right to challenge those charges on the ground that they were not filed in a timely manner, including any claim that they were filed after the limitations period expired.

**14. Use of Withdrawn Guilty Plea**

The defendant agrees that if he is permitted to withdraw his guilty plea for any reason, he waives all of his rights under Federal Rule of Evidence 410, and the government may use his guilty plea, any statement that the defendant made at his guilty plea hearing, and the

factual basis set forth in this agreement, against the defendant in any proceeding.

**15. Parties to Plea Agreement**

This agreement does not bind any government agency except the United States Attorney's Office for the Eastern District of Michigan.

**16. Scope of Plea Agreement**

This plea agreement is the complete agreement between the parties and supersedes any other promises, representations, understandings, or agreements between the parties concerning the subject matter of this agreement that were made at any time before the guilty plea is entered in court. Thus, no oral or written promises made by the government to the defendant or to the attorney for the defendant at any time before the defendant pleads guilty are binding except to the extent they have been explicitly incorporated into this plea agreement. If the parties have entered, or subsequently enter, into a written proffer or cooperation agreement, though, this plea agreement does not supersede or abrogate the terms of that agreement. This plea agreement also does not prevent any civil or administrative actions

against the defendant, or any forfeiture claim against any property, by the United States or any other party.

### 17. Acceptance of Agreement by Defendant

This plea offer expires unless it has been received, fully signed, in the United States Attorney's Office by 1:30 p.m. on August 8, 2022. The government may withdraw from this agreement at any time before the defendant pleads guilty.

Dawn N. Ison
United States Attorney

*/s/ Brandy R. McMillion*
Brandy R. McMillion
Chief, Major Crimes Unit
Assistant United States Attorney

*/s/ Christopher W. Rawsthorne*
Christopher W. Rawsthorne
Assistant United States Attorney

Dated: 8/5/2022

By signing below, the defendant and his attorney agree that the defendant has read or been read this entire document, has discussed it with his attorney, and has had a full and complete opportunity to confer with his attorney. The defendant further agrees that he understands this entire document, agrees to its terms, has had all of his questions

answered by his attorney, and is satisfied with his attorney's advice and representation.

_____
Douglas Dern
Attorney for Defendant

Dated: 8-8-22

_____
Daniel Lee Harvey III
Defendant