UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN

| | |
|---|---|
| UNITED STATES OF AMERICA, | Criminal No. 2:20-cr-20482 |
| Plaintiff, | Hon. Sean F. Cox |
| v. | United States District Judge |
| DANIEL LEE HARVEY III, | |
| Defendant. | |

**THE UNITED STATES OF AMERICA'S
SENTENCING MEMORANDUM AND RESPONSE IN
OPPOSITION TO MOTION FOR DOWNWARD DEPARTURE
(ECF NO. 57)**

Thirteen-year-old MV-1 described the defendant, Daniel Harvey, her mother's longtime friend, as someone she thought of as an uncle. But in the summer of 2018, shortly after he moved from the Eastern District of Michigan to Portland, Oregon, Harvey and MV-1 began communicating over Instagram and the conversation quickly turned sexual. Harvey bragged to the girl about his sexual prowess, discussed his desire to have sex with her, and sent her a video of his penis. He also made plans to meet up with her when he returned to Michigan for Christmas. He ultimately coerced her to insert an object inside her

vagina and to send him a video of her masturbating via Snapchat, and encouraged her to delete their messages and refrain from sending pictures via text message in an attempt to avoid detection. Harvey then took a screenshot of the child pornography and saved it in his Google account. Harvey's exploitation of MV-1 was only interrupted because MV-1 disclosed her discomfort with their conversations to a trusted adult.

Harvey was originally charged in a two-count Indictment with Sexual Exploitation of Children, in violation of 18 U.S.C. §§ 2251(a) and (c) and Receipt of Child Pornography, in violation of 18 U.S.C. § 2252A(a)(2). (ECF No. 17.) In July 2022, Harvey was charged in a First Superseding Indictment, which added a third count—Sexual Exploitation of Children, in violation of 18 U.S.C. § 2422(b). (ECF No. 46.) At his second Final Pretrial Conference on August 8, 2022, Harvey pleaded guilty pursuant to a Rule 11 agreement to Sexual Exploitation of Children, a count with a 10-year mandatory minimum sentence, avoiding the 15-year mandatory minimum sentence required if he were convicted of Count 1. (ECF No. 52.) In the Rule 11, the government

2

recommends that the defendant's sentence not exceed the top of his guideline range, as determined by the Court. (PSR ¶ 11.) The probation department calculated Harvey's guideline range to be 168 to 210 months' imprisonment. There are no sentencing disputes. The Court should deny Harvey's motion for a downward departure and sentence him to 180 months in prison.

### I. HARVEY COMMITTED A SERIOUS OFFENSE BY EXPLOITING HIS FRIEND'S 13-YEAR OLD CHILD

When fashioning a sentence, the Court must consider the nature and circumstances of the offense. *See* 18 U.S.C. § 3553(a)(1). Here, Harvey's offense is extremely serious and warrants a sentence within the guideline range.

MV-1 knew Harvey—her mother's longtime friend—for many years and considered him to be like an uncle. (PSR ¶¶ 13, 15.) When Harvey lived in Michigan, he was a frequent visitor to MV-1's home. Soon after he moved to Portland, Oregon in the summer of 2018, Harvey began communicating with then-13-year-old MV-1 over Instagram and the conversation quickly turned sexual. (PSR ¶¶ 14–15.) Excerpts of the messages between Harvey and MV-1 are below, with

3

Harvey's messages on the left side of the frame in each image:





*See* HARVEY_0215–-253. As their conversations escalated, Harvey also told MV-1 to stick an object—he suggested the handle of a hairbrush or a curling iron—into her vagina. (PSR ¶ 16.) He told her that she should video chat him while masturbating with that object, and to delete their messages and to avoid sending pictures for fear of detection:

5





*See* HARVEY_0215–-253.

After requesting that MV-1 send him the video, Harvey sent MV-1 a screenshot of his Snapchat user information, including his Snapchat username and Snapchat display name, suggesting that she send the video via Snapchat. (PSR ¶ 15.) In response to Harvey's request, MV-1 created a video of herself in a bathtub inserting an object into her vagina and sent the video to Harvey via Snapchat. (*Id.* ¶ 16.)

Law enforcement later obtained a search warrant for Harvey's Google account. The returns for that search warrant included a screenshot of the video that MV-1 sent to Harvey, depicting her in a bathtub inserting an object into her vagina. (PSR ¶ 17.)

The exploitative contact between Harvey and MV-1 was only disrupted because MV-1 disclosed the general nature of her

7

communications with Harvey to an adult she was staying with at the time. The phone she had used to communicate with Harvey was confiscated from her and her mother contacted police. (*Id.* ¶ 14.) Harvey had suggested meeting up with her when he returned to Michigan for Christmas, so had MV-1 not disclosed the nature of the communications, it is possible that he would have attempted to meet with her in person.

Harvey's crime was serious and warrants a guideline-range sentence.

## II. HARVEY'S HISTORY OF DRUG ABUSE

The Court must also consider the history and characteristics of the defendant when deciding what sentence is appropriate. *See* 18 U.S.C. § 3553(a)(1). Harvey has a limited criminal history that includes only two traffic-related offenses, but he has a history of serious drug abuse. (PSR ¶¶ 50–51.) Harvey started by using marijuana, but escalated to daily use of Vicodin and Norco. From there, he moved on to heroin, which he also used daily, and overdosed on heroin twice. (*Id.* ¶ 51.) He underwent substance abuse treatment at Shanle Psychological Services

and reports that he has been sober since that time. It is noteworthy, however, that the defendant's first five drug tests while on pretrial supervision were positive for marijuana, though all subsequent tests were negative. (*Id.* ¶ 50.) Harvey is currently employed. (PSR ¶ 54.)

Harvey is engaged to his girlfriend of four years, and they have a two year-old child together, with another child due in February 2023. (*Id.* ¶ 44.) Harvey also has two other children from a previous relationship—a 16 year-old son and a 13 year-old daughter. (*Id.*) Unfortunately, having young children and prior romantic relationships did not deter Harvey from committing the instant offense again a child.

In his motion for a downward departure, Harvey relies on his lack of significant criminal history and drug use at the time of the offense as a reason to justify a sentence at the mandatory minimum. (ECF No. 57 at PageID.245–55.) But Harvey preyed on and exploited the child of a friend, and this behavior cannot (and should not) be excused by other illegal conduct. And the fact that Harvey has continued to use marijuana for at least part of his time on pretrial release is particularly concerning, given that it suggests he could fall back into the same drug

habits. A 180-month sentence is appropriate in this case and a downward departure is not warranted.

### III. A SIGNIFICANT SENTENCE IS NEEDED TO PROTECT THE PUBLIC FROM HARVEY, AFFORD ADEQAUTE DETERRENCE, AND REFLECT THE SERIOUS NATURE OF THE OFFENSE

Other sentencing factors favor a significant, guideline-range sentence of imprisonment, including the need to deter Harvey and others from future similar behavior, and the need for the sentence to reflect the serious nature of the offense. 18 U.S.C. § 3553(a)(2)(A-B). The most salient sentencing factor in this case, however, is the need to protect the public from further crimes of Harvey. 18 U.S.C. § 3553(a)(2)(C).

Harvey was only deterred in this case when MV-1 courageously reported her discomfort with his conversations to a trusted adult. Harvey repeatedly instructed MV-1 to "delete" messages between them, noting that receiving pictures from her would be "scary" in case they were to be caught. Instead, he directed her create child pornography and share it with him via Snapchat video, which he believed would not be discovered. The only reason the video was found was because he

10

purposely took a screen shot of his to save for later, suggesting that he planned to further exploit MV-1 in the future.

While the defendant argues that the offense was limited in time and scope, the impact on the minor victim often continues long after the commission of an exploitation offense like this one. Here, Harvey preyed on a vulnerable young girl who stated that she viewed him as if he were a family member. This is serious offense, and a sentence of 180 months will hopefully deter Harvey and others who would prey on children from doing so in the future. A sentence below the guideline range would fail to account for the seriousness of the offense or adequately protect the public.

## IV. CONCLUSION

For the foregoing reasons, the government respectfully recommends a guideline-range sentence of 180 months' imprisonment and therefore requests that the Court deny the defendant's motion for a downward departure.

    Respectfully submitted,

    DAWN N. ISON
    United States Attorney

    *s/ Meghan S. Bean*
    Meghan Sweeney Bean
    Christopher W. Rawsthorne
    Assistant United States Attorneys
    211 West Fort Street, Suite 2001
    Detroit, MI 48226
    (313) 226-0214
    meghan.bean@usdoj.gov

Dated: December 2, 2022

## **CERTIFICATE OF SERVICE**

I hereby certify that on December 2, 2022, the foregoing document was filed via the Court's ECF system, which will provide notice to all counsel of record.

s/ *Meghan S. Bean*
Assistant United States Attorney
211 West Fort Street, Suite 2001
Detroit, MI  48226
(313) 226-0214
meghan.bean@usdoj.gov
